UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| O'MEARA, LLC | CIVIL ACTION |
| VERSUS | SECTION: |
| COASTAL MARINE CONTRACTORS, LLC AND COASTAL CONCRETE PRODUCTS, LLC | MAG: |

### COMPLAINT FOR BREACH OF MARITIME CONTRACT

The complaint of O'Meara, LLC, a Louisiana Limited Liability Corporation, respectfully represents:

1.

This court has subject matter jurisdiction over this action as the basis of plaintiff's complaint is a breach of a maritime contract.  Further, venue is proper in the Eastern District as all parties are domiciled in this District and the cause of action arose in this District.

2.

Made defendants herein are the following:

(1) Coastal Marine Contractors, LLC., a Louisiana Limited Liability Corporation whose agent for service of process is Allen L. Warriner, 36318 Old Bayou Liberty Road, Slidell, Louisiana 70460.

(2)     Coastal Concrete Products, LLC., a Louisiana Limited Liability Corporation whose agent for service of process is Thomas P. Kilbride, 44438 West Pleasant Ridge Road, Hammond, Louisiana 70403.

3.

On or about March 15, 2010, plaintiffs, O'Meara LLC, and defendant, Coastal Marine Contractors, LLC entered into a certain purchase and sale agreement, attached hereto as Exhibit "A".

4.

Pursuant to that agreement, defendant, Coastal Marine Contractors, LLC agreed to sell plaintiff, O'Meara, Coastal'sw77 marine concrete structure, a 60 x 45 foot structure complete with upper deck, described as a "compressor barge".

5.

The "compressor barge" was to be used by O'Meara as a saltwater disposal platform for O'Meara's oil and gas wells located in the Lake Fortuna Field, in St. Bernard Parish.  The "compressor barge" would replace O'Meara's existing saltwater disposal platform in the Lake Fortuna Field, which though functioning and operational had been compromised by prior storms and had been subject to repair on several prior occasions.  Accordingly, O'Meara made the business decision to replace the existing saltwater disposal platform with the compressor barge purchased from Coastal.

6.

Further, as per the agreement, defendant, Coastal Concrete Products, LLC, a company affiliated with defendant, Coastal Marine Contractors, LLC, was to perform certain repairs and modifications to the concrete structure, so that the structure could accommodate O'Meara's

saltwater disposal equipment, such as tanks, pumps and engines. Coastal Marine Contractors, LLC specifically warranted Coastal Concrete Product's work.

7.

Further, as part of the agreement, Coastal Marine and Coastal Concrete agreed to demolish O'Meara's existing platform in the field, and haul off the debris, including concrete chunks, to Coastal's facility located on the Mississippi River Gulf Outlet.

7.

Further, once the modifications were complete and the existing platform demolished, defendant, Coastal Marine Contractors, LLC was to transport the compressor barge to O'Meara's wells in the Lake Fortuna Field, sink the barge into place and secure O'Meara's equipment, including pumps, engines and tanks, to the deck.

8.

While the compressor barge was being retrofitted at Coastal's facility in New Orleans East, Coastal Marine and/or Coastal Concrete began the work of demolishing the existing platform in the Lake Fortuna field.

9.

However, prior to completing this portion of the job, Coastal Marine and/or Coastal Concrete, without notice to O'Meara, suddenly abandoned the job and removed its equipment that was being used to demolish the existing structure and clean up the debris.

10.

As a result of defendants abandoning of O'Meara's wells in the Lake Fortuna Field and removing their equipment, all without any notice to O'Meara, O'Meara had to shut in its wells, because it no longer had any saltwater disposal facility in the field. Its old facility had been

partially demolished by Coastal, but the newly retrofitted compressor barge could not be towed into place and fitted to O'Meara's existing equipment until the demolition of the old platform was complete and the debris removed.

11.

Despite its best effort, O'Meara was unable to obtain replacement equipment or a replacement contractor to finish the job of demolishing the old platform and removing the debris until August, 2010. Until that was accomplished, O'Meara's wells remained shut in.

12.

As a result of defendants' abandoning the job, O'Meara's gas producing well loaded up with saltwater. Once the new saltwater disposal facility was finally put in place, despite all effort, the gas well ceased any production.

13.

The loss of oil and gas production due to defendants' breach of the Purchase and Sale Agreement amounts to at least $2,565,272.50.

14.

Defendants' breach of the Agreement by removing their equipment before completion of the contract work was the direct cause of all past and continuing losses sustained by O'Meara, LLC as described above.

WHEREFORE, plaintiff, O'Meara, LLC, prays for judgment herein in its favor and against the defendants jointly, severally and in solido for an amount in excess of $2,565,272.50 plus interest from date of breach and for all general and equitable relief.

/s/DARRYL J. FOSTER
DARRYL J. FOSTER (5734)
RICHARD S. CRISLER (#28007)

Attorneys for O'Meara, LLC
Bradley Murchison Kelly & Shea LLC
1100 Poydras Street, Suite 2700
New Orleans, LA 70163-2700
Telephone: (504) 596-6300
Fax: (504) 596-6301
Email: dfoster@bradleyfirm.com
           rcrisler@bradleyfirm.com