UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| O'MEARA, LLC | CIVIL ACTION |
| VERSUS | 12-2600 |
| COSTAL MARINE CONTRACTORS, LLC, ET AL. | SECTION "H"(5) |

### ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Coastal Concrete Products, LLC. (Doc. 8.) For the following reasons, the Motion is GRANTED.

### BACKGROUND

On October 26, 2012 Plaintiff filed suit against Coastal Concrete Products, LLC ("CCP") and Coastal Marine Contractors, LLC ("CMC"). (Doc. 1.) Plaintiff avers that on or about March 15, 2010 Plaintiff, O'Meara LLC ("O'Meara") and Defendant, CMC, entered into a purchase and sale agreement for a marine concrete structure described as a compressor barge. (Doc. 1 at ¶ 4.)

1

Plaintiff contends that pursuant to the Coastal Marine-O'Meara Purchase and Sale Agreement ("Contract"), CCP was to perform certain repairs and modifications to the compressor barge and demolish O'Meara's existing platform in the field. (*Id.* at ¶¶6-7.) Plaintiff alleges that prior to completing the demolition of their current field CMC and/or CCP abandoned the job. (*Id.* at ¶9.) As a result of the abandonment Plaintiff maintains that it sustained over two million dollars in damages. (*Id.* at ¶13.)

On January 7, 2013 CCP filed a Motion to Dismiss for Failure to State a Claim, for Lack of Jurisdiction, or alternatively, for More Definite Statement. (Doc. 8.) Plaintiff filed an opposition on February 1, 2013. (Doc. 11.) CCP filed a Reply on February 5, 2013. (Doc. 16.) CMC filed a Reply on February 13, 2013. (Doc. 19.)

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009). The Court need not, however, accept as true

legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949–50. To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true. *Id*. The complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If it is apparent from the face of the complaint that an insurmountable bar to relief exists, and the plaintiff is not entitled to relief, the court must dismiss the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007).

**LAW & ANALYSIS**

The record before the Court reveals that there is no disagreement that CCP should be dismissed from the instant matter. Accordingly, CCP's Motion is granted on the basis that O'Meara fails to state a claim against CCP. Because the Court finds that O'Meara fails to state a claim against CCP, discussion of the CCP's other arguments are pretermitted.

I.   *Arguments of the Parties*

CCP maintains that the Contract clearly shows that it was not a party to it and therefore Plaintiff cannot maintain a claim against it. Moreover, CCP contends that CMC has no authority to act for the other or to bind the other in any manner. Because there is neither an agreement nor a contract in place between CCP and O'Meara, CCP argues that O'Meara fails to state a claim against it.

Plaintiff contends that while the Contract is signed only by O'Meara and CMC, the clear terms of the Contract contemplate that certain work would be performed by CCP. Plaintiff maintains that the Contract demonstrates that CCP discussed repairs and modifications to both its existing structure and the compressor barge. As such, Plaintiff argues that it believed that CCP was an entity related to CMC and that Allen Warriner of CMC had at least apparent, if not actual, authority to bind CCP.

II.   *Analysis*

"[W]hen considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish*, 456 Fed. Appx. 336, 340-341 (5th Cir. 2011). The Contract is attached, referenced in the complaint, and central to the Plaintiff's claims. Accordingly, the Court finds that review of the Contract is essential in determining whether or not Plaintiff has stated a claim against CCP.

When interpreting a maritime contract, the general rules of contract construction interpretation apply. *See Marine Overseas Services, Inc. v. Crossocean Shipping Co.*, 791 F.2d 1227, 1234 (5th Cir.1986). "It is well established that in the absence of a contrary statutory provision, an action *ex contractu* cannot be maintained against a party to a contract by a person who is not privy thereto." *Surface Preparation and Coating Enters., Inc. v. Martin Mariette Manned Space Systems, Div. of Martin Marietta Corp.*, No. 91-4401, 1992 WL 193478, at *1 (E.D. La. July 31, 1992) (citing

4

*Farrell Constr. Co. v. Jefferson Parish*, 896 F.2d 136, 140 (5th Cir. 1990)).

The clear terms of the Contract indicate that it is an agreement between CMC and O'Meara. The Contract is signed by Maurice O'Meara on behalf of O'Meara and Allen Warriner on behalf of CMC. Plaintiff has neither made an allegation at that CCP is a party to the contract nor stated a theory of liability on which CCP could be held answerable for a breach of contract on the part of CMC. Lastly, Plaintiff has not alleged that Warriner had authority, either apparent or implied, to bind CMC. Accordingly, CCP's motion to dismiss O'Meara's claims against it is granted.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Coastal Concrete Products, LLC. (Doc. 8.) For the following reasons, the Motion is GRANTED.

New Orleans, Louisiana, on this 5th day of August, 2013.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**

5